IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LATASHA LOPER   *

v.   *   Civil No. CCB-17-2128

ST. VINCENT DE PAUL OF BALTIMORE   *

******

MEMORANDUM

Plaintiff Latasha Loper, representing herself, has brought this action against St. Vincent de Paul of Baltimore ("St. Vincent") for discrimination. St. Vincent runs Sarah's Hope Shelter, which provides temporary housing for families while assisting them to obtain permanent housing. Loper claims that employees at Sarah's Hope discriminated against her because of her children's disabilities.

St. Vincent has filed a motion to dismiss, which Loper opposed. For the reasons stated below, the motion will be granted.

In her complaint, Loper cites several criminal statutes including 18 U.S.C. §§241, 245, and 249, as a basis for her claims against St. Vincent. These statutes do not give rise to a private right of action. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990).

In her response to the motion to dismiss, Loper asserts claims under Md. Code Ann., State Gov't §§ 20-701, *et seq.*, 42 U.S.C. § 1983 and 42 U.S.C. § 1981, and the Americans with Disabilities Act. Loper's claim under §20-707(c) fails because St. Vincent is not involved in the business of "selling or renting dwellings," rather it is a non-profit organization which seeks to assist those in the communities who are in need. Loper's claim under § 1983 fails because St. Vincent is not a state actor. *Thomas v. Salv. Army*, 841 F.3d 632, 637 (4th Cir. 2016). Loper's

1

claim under 42 U.S.C. § 1981 also fails because it is not based upon any racial animus, nor has she established any contractual relationship with St. Vincent. *See Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006). Loper's claim under the ADA fails because she lacks standing to bring a claim for monetary damages, and has shown no basis for injunctive relief. *See Thomas*, 841 F.3d at 638. Moreover, although Loper claims that St. Vincent discriminated against her because of her children's alleged disabilities, she does not identify her children's disabilities or assert how she was discriminated against because of those disabilities.

The final statute Loper relies on is 42 U.S.C. § 1985, but the facts asserted in her complaint do not support her claim. She has not shown any discriminatory animus or meeting of the minds as required under § 1985. *Thomas*, 841 F.3d at 637; *Simmons v. Poe*, 47 F.3d 1370, 1376-77 (4th Cir. 1995).

It appears that Loper's primary complaint is that her issues at the shelter were not handled in a timely manner. Untimeliness is not discrimination. Moreover, as alleged in the complaint, Loper's main reason for coming to St. Vincent was to gain assistance in obtaining a security deposit on a new apartment. Eventually she was given one because of St. Vincent's efforts, and she also was given beds for her new apartment. No discrimination has been shown.

Accordingly, St. Vincent's motion to dismiss will be granted by separate order which follows.

Date: November 13, 2017           _____/S/_____
                                  Catherine C. Blake
                                  United States District Judge